**Diane SHARP, Plaintiff–Appellant,**

v.

**DAIMLER CHRYSLER CORPORATION, Defendant–Appellee.**

No. 01–2126.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 14, 2001.

Decided Nov. 16, 2001.

Before Hon. COFFEY, Hon. EASTERBROOK, Hon. DIANE P. WOOD, Circuit Judges.

### Order

The district court granted summary judgment to the employer in this employment-discrimination case. 2001 WL 322405, 2001 U.S. Dist. LEXIS 3671 (N.D.Ill. Mar. 30, 2001). The only question on appeal is whether the judge erred in doing this before plaintiff had obtained any information in discovery.

■ According to plaintiff's lawyer, the Western Division of the Northern District of Illinois does not allow discovery once a dispositive motion is filed. There are multiple difficulties with this position. One is that no local rule embodies such a policy, and any rule that did so would be incompatible with the Federal Rules of Civil Procedure. Rule 26(d) permits discovery to begin as soon as the parties' initial conference has been held, and Rule 83(a)(1) provides that local rules must be consistent with the national rules. A second and independently fatal problem is that plaintiff did not alert the district judge, as Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Thus no matter what a magistrate judge may have told counsel in a proceeding that plaintiff's lawyer did not have transcribed, plaintiff did not let the *district judge* know that discovery was essential.

■ This case was pending almost two years in the district court. During that time plaintiff never initiated discovery. The process is party-driven; discovery is optional with the parties, not obligatory. Since plaintiff never sought discovery, the district judge never had any occasion to rule on the propriety of a given request. A party who did not seek discovery or notify the judge (via Rule 56(f) or in another way) to the need for discovery is in no position to contend

on appeal that the judgment must be reversed because discovery was not taken. See *Woods v. Chicago*, 234 F.3d 979, 990 (7th Cir.2000); *Wallace v. Tilley*, 41 F.3d 296, 303 (7th Cir.1994).

AFFIRMED